We're on the second case of the morning call, 2-1-0-3-9-6. Speaking to the State of Illinois v. John M. Thompson. On behalf of the F.R. Mr. John Young. On behalf of the L.A. Mr. Randy Sanders. Thank you. Mr. Young. Good morning, Justices. Good morning, Counsel. Good morning. The sole issue in this appeal is whether defense counsel was constitutionally ineffective for failing to file a motion to dismiss based on speedy trial grounds. Just briefly, the defendant was charged and found guilty of resisting a peace officer, a misdemeanor, and by agreement was sentenced to time served. The remaining facts are not really relevant to the appeal, but I'd like to go ahead. You said by agreement. I'm not quite sure I understand what you mean by that. You mean he actually was agreeable while he was sitting in jail? The state and the defense agreed that the sentence was going to be time served. Okay. The remaining facts aren't really relevant to the speedy trial issue, but I'd like to go through just a brief timeline for speedy trial purposes. The defendant was placed in custody on another matter, a pending felony matter, on August 11th of 2010. There was a court date on August 30th in which defense counsel filed a motion to exonerate the bond nun, Pro Tunk, back to the date of custody, August 11th. At that time, defense counsel did state that she was not making a speedy trial demand because she knew the state was electing on the felony case. So speedy trial wasn't applying in the non-elected case. The next court date was September 9th in which the state wanted to continue the trial. They weren't going to be ready for September 29th. Again, defense counsel stated that she was not making a speedy trial demand because she was aware that the state was electing on the felony matter. So speedy trial didn't apply on the non-elected matter, and the case was continued to November 29th. November 29th is an important date. That's the date that both the state and defense counsel both answered ready for trial. They both stated they were ready to proceed. There was some confusion about whether speedy trial was applying. The state, I assume, didn't recall whether it was applying to the case. They had to confer with the felony division and determine that the felony was still the elected case. This was also the first time defense counsel stated on the record that she wanted speedy trial to begin applying because the case could go on forever. Her quote was the matter could go on forever. Because at that point there was no trial date set on the felony, correct? It was still pending discovery and other things? Right. According to our record, there had been no trial date set on the felony case, and she had asked that speedy trial would run on this matter until a trial date had been set in that case. And we have two separate lawyers involved in this case on behalf of the defendant, one from the felony, a defender or a lawyer in the felony division, and a separate lawyer in this misdemeanor case, correct? Right. It seems obvious from the record this attorney was not representing him in the felony case. And we have he and she, so I assume that that wasn't a mistake. Right. Although the fact that there were two attorneys and there were no trial dates set on the felony case, I don't think is relevant at all for purposes of determining the election and the altered election and calculating the 120 days. Do you claim that the state exercised some form of deceit? No. I think the state can change their election at any time they wish. They could change once, twice, thrice. There was a case cited in which the state changed their election three times. I don't think it matters how many times the state changes their election. However, when they go to trial on one of the cases... If that's the case, then why wouldn't it be reasonable or effective for the defense counsel to rely on what the state was saying? And if that's true, then why wouldn't it be reasonable not to make a speedy trial demand? Is that more or less unreasonable than saying, I want a speedy trial, regardless of what the state says? I mean, does that seem more reasonable? Well, I believe defense counsel was confused that she had to file a written speedy trial demand. She didn't have to. Defendant was in custody and speedy trial runs automatically from the time of custody without a written demand. Unless there's something that would indicate that there is no objection to continuances. That's true, but the record reflects... that the speedy trial is applying here, then how could her failure to file a motion be deemed to be ineffective unless the delays that occurred were solely by the state? Well, the delays that occurred were solely by the state for two reasons. One, the state had a problem obtaining witnesses and was subpoenaing witnesses from August until November. Those were state delays alone. And I would also submit that the time period, that same time period in which this was a non-elected case, would not be a tolling that's applied to the defendant. This is outside the defendant's control and this court in Stannis has already reasoned that any delay occasioned entirely by the state's own choice can't reasonably be said to be occasioned by the defendant. Doesn't there have to be a valid demand, though, on the dates that those continuances are granted to the state? The statute doesn't require any demand when the defendant's in custody. When the defendant's in custody, there doesn't have to be a demand. There doesn't have to be an objection saying that I stand ready for trial and I object. There doesn't have to be a demand that starts the clock running, the 120 days. That's true, but what about suspending the run based upon an objection? I think that's what Justice Burke was getting at. Well, certainly there could be a suspension of the time, but when the time is being suspended because it's a non-elected matter and defense counsel on the record has basically said I'm not making a speedy trial demand because I know this is the non-elected case, I don't believe that that is an acquiescence by the defendant to a delay. She has no choice. She may not have any choice, but the real problem was that the defense in the felony case was asking for the continuances. It wasn't the state asking for the continuances, as I read the record. The defendant was asking for continuances. I don't believe that's relevant to this matter. Well, it's relevant in that there's an election and then they switch the election because we're just not getting this done. I mean, it is. I mean, why wouldn't the defense attorney at the misdemeanor, well, strategically say fine, if they're objecting up there because they want to get this tried first, this one may never go to trial. This is the first one. The felony is the important one. That's the important one for the defendant. Let's get that taken care of. But the election is completely under the state's control. The defense has no control on which case is being elected, why it's being switched, when it's being switched. True, but once the election was made, the attorney in this case, in the misdemeanor case, said I will accept that until November 29th when she finally said, look, I got a problem. We need a date. So, at best, that's the starting of something. Well, I think viewing the record, as I said in the brief, most favorably to the prosecution, that would be the date it would start. However, the delays from August to November were delays that were solely within the state's control. They were based on the election on the felony case and also the delays were based on obtaining witnesses and subpoenaing witnesses. Those were the reasons for the delay between August and November. But even assuming that we start the clock November 29th, which under the statute, you could say that that was the first time that defense counsel objected to a delay and demanded trial and wanted the speedy trial clock to start. That's still over 120 days until the case was tried. Because she said that's when they took the recess to check with the felony division. And I think she said as long as the state is actually electing on that and there are plans to have that set for trial and that the continuances in the felony trial are on defendant's motion, then I would have no issue with that. No issue with going, you know, going forward in this case, the misdemeanor case. That's correct. I mean, that's the OK. But she also demanded trial. And she also said that she wanted the speedy trial clock to run that day on November 29th or it could go on forever. She did. She said that as well. But later when they reconvened, she said, then I would have no issue with that. And that is that doesn't sound like she's you know, she's she's concerned about speedy trial at that point. Well, I believe she's confused about speedy trial, because on February 9th, the next court date is when she files a written demand, which she didn't even have to do. And also stated on that day, if I knew you were going to change election, I wouldn't have been waiving speedy trial all this time, meaning she thought she was waiving speedy trial until she filed this written demand. She was saying things that might have waived speedy trial. That's I think that's what she's meaning. I don't see her saying I would have filed this document. She's saying I wouldn't have waived it. And each time she says something that indicates that she is not pushing it. In fact, the trial court on August 30th, she said, I'm not demanding a speedy trial because of the election. It's just purely for credit. And then the trial court noted that the speedy trial term was told. I mean, she's she's saying things that appear to be waiving it. But she's saying I'm waiving because of the election. I think that's the key. I believe she thinks that she can't demand a speedy trial when she's the non elected case, which is not the case. It runs automatically. It runs automatically from custody. The 120 days runs except for delays occasioned by the defendant. And this court has found that when it's the state's choice, that is not a delay occasioned by the defendant. So when the state is choosing to elect on the other case, the time period that's running on the non elected case is not within the purview of the defendant to even agree. It's the state's choice. It seems like what you're saying is when you say not causing delay by the defendant, you're talking about not causing delay by the defendant in this case, correct? Because you are at least admitting that in the other case, he was fomenting or creating delay. I'm not admitting or denying anything in that case. I thought the questions that were asked of you, you indicated in the affirmative when Justice Hutchinson asked you in the other case, the felony, it was the defense that was with the same defendant that was asking for the continuance. They may very well have, but I don't think that's relevant at all. What's happening in that other case is not relevant to this matter. When they change their election to this case, this case has to be tried within 120 days of custody, absent delays occasioned by the defendant in this case. The state chose to alter their election. It's unclear why. I don't really understand why they did, but they did alter their election. They chose to proceed on this case first. The state could never change their election once 120 days is run because they'd be violating the term under your argument. Yes, I agree with that. Even if they're doing it for a laudable purpose, which is what is argued here at least, that it was raised to the state, this felony case is going on forever. We're never going to get to trial. That's what your client's misdemeanor attorney said. And then the state said, you know what, you're right. Let's just get this thing to trial. And they basically gave the misdemeanor attorney what she wanted. And that was a trial within 60 days of when they changed their election. But you're saying that the state should never be able to do that because that would be violating the term. They shouldn't do that. And I don't believe that that was clear in the record on February, that the reason that they were changing their election was to help out the defendant and bring this misdemeanor case to trial. I don't think that's clear in the record. I don't think it's clear in the record why that election was changed. Didn't the assistant say to avoid any argument that there has to be a trial date set in one of these two cases? We're going to set a date in this one and go forward because they simply, the defendant and the state weren't ready in the felony case? I think that what may be happening is they were concerned about the 120 days running on the felony case, and they thought that was the more important case to preserve. So they changed their election to this case. We can speculate to a lot of things, but what he said is what we have to deal with. That's what the record says. So why are we speculating that they were having trouble with the felony case? Well, I don't think we have to speculate either way. I think it's a bright line here. When the election is changed to this case, the statute requires it still be tried within 120 days of custody, absent a delay that's agreed upon by the defendant. If the term is running this entire time, then once the, let's say the felony case went to trial first in this case, after 120 days, the defendant was in custody longer than 120 days. Correct. So under your argument then, the minute that felony case is over, then the misdemeanor case is subject to dismissal and it's due to trial grounds. No. So 120 days was running that whole time. While the state is electing on the felony, the speed trial is running on the misdemeanor according to the argument. So what difference does it make whether the state changes election or they simply try to defend on the felony, boom, it's over. The case is over. Well, no, because once they try the felony case, then the speedy trial clock runs on the second manner for the 160 days. So that time didn't run then during the time that they had elected on the felony, unless they change election. Which means that your argument is essentially requiring the state to prosecute him on the felony in order to be able to prosecute him on the misdemeanor. Because your argument is that if they don't do it, then the 120 days in this case runs regardless. And therefore, the lawyer was ineffective for failing to file a motion to dismiss. Is that not your argument? My argument is once the election is changed, the statute... Now, once the election is made, if it is ever changed and 120 days is run in your case, it's over. That's true. That is true. So the statute is a bright line statute. It mentions nothing about tolling time period for changes of election. It states that you must try the defendant within 120 days of custody, absent delays occasioned by the defendant. And if they choose to elect back to a case that they're past that 120 day period, the defense has a viable motion to dismiss based on speedy trial grounds. Otherwise, this could go on forever. They could use election as a sword to go well beyond the 120 days to try the first case. Theoretically, it could go 240 days or 239 or 238 days if they took one all the way up to the 119th day and then changed election and started anew. Then they take that up to the 119th day. Then they'd have to try them one day on one case. And then when they were done with that case, the next day on the next case. No, they would have to try the first one if an election was changed. Well, custody is the same though. I'm just answering your argument that it could go on indefinitely. It could go on indefinitely. As long as a defendant is demanding trial in both cases, the state could theoretically change elections on the 119th day on one. Yes. I mean, if we weren't going this relation back and then start the term anew, which is, say, day one on the next case, then it would go another 119 days. But then the state would have to try both cases again back to back, basically. Well, no, because custody is the same date. So if you elect back to the other case, you're still going back to the 120 days. And it would depend in that particular case whether there have been other delays occasioned by the defendant, like motions for the defendant or requests for continuance for discovery issues or what have you. Those would toll the time period. But even in the second case, on the 119th day, if they change their election back, they're still going back to the custody date from 119 days previously. So they wouldn't get another 120 days. It would still be calculated from the date of custody. So that's what prevents this from going on to the 240th day. The point is, without occasions delayed by the defendant, they're supposed to be tried within 120 days. The election is a shield for the state so that they don't have to prepare for two trials at the same time. Here it's being used as a sword to go beyond the 120-day period to be able to switch back and forth on elections and go past the 120-day period and maybe go on to 240. They shouldn't be able to do that either. If, in fact, the defendant was delaying the felony case, wouldn't that be used as a sword then to knock out this misdemeanor case? As opposed to a shield to be brought to trial within 120 days? The state has no requirement to change their election. They could have elected on that case, remained on that case. If the defendant is seeking delays via motion or discovery or what have you, so be it. But it's still a 120-day requirement from custody to go to trial in that case, absent those defendant's delays. There is no case that I found in which the first 120-day period is analyzed as being appropriate or has been satisfied. The cases that have been published all discuss the second case. The Holmes case was one in which it was the second case tried in which the defendant was arguing that it was beyond the 120-day period. But the second case, the 160-day period, starts from conviction on the first case and 160 days after. That case, it was within the 160 days, so it was fine. Same with the Beard case. The first trial was on a bail bond violation. I believe it was 139 days from that conviction to trial on the second. So, again, there was no violation because it was within the 160 days from conviction on the first to trial on the second. The state, in their brief, focuses on why the election is changed. I don't believe the reason for the election is really relevant. The defendant doesn't dispute that the state can change their election as often as they wish, as long as when they go to trial on the first case, it's within 120 days of custody. Any other questions? You'll have an opportunity to make rebuttals, sir. Thank you, Jim. Mr. Seneca? Good morning, Your Honors. Randy Seneca on behalf of the people in this matter. Justice Burke, I think back a few questions ago you hit the nail on the head. Defendant is basically asking this court to change the election law, that the people can't change their election after 120-day calendar. 120 calendar days have elapsed. It's simply not the case. In all the cases we've cited, the election was changed well after 120 days. And the central case I relied upon in my brief, Holmes, was changed 17 or 18 months later. The difficulty, I think, defendant's having with this issue is that the clock in the misdemeanor case, picture two clocks. There's one in the felony case, one in the misdemeanor case. The one in the misdemeanor case was never turned on. Are they digital or analog? Either one. Both. So when we change our election on February 9th, that's when we change our election, the issue before this court is what does the speedy trial clock in the misdemeanor look like at that point? It's never been turned on. It's been told. The trial court told it because we were proceeding an election on the felony. So we're at day one on that clock when we change our election. Are you saying, therefore, that no motion, no objection, or anything would have resulted in anything? In other words, since the clock hasn't started, there's nothing that the defense counsel could have done that would have altered the situation whether she objected or not? That's exactly what I'm saying. And there can be no other alternative. Now, this can't go on indefinitely. I think counsel's arguing that if the state keeps switching back and forth, it keeps going back to zero on the one that wasn't elected on previously. But, I mean, the way I'm looking at it is, like you said, there's a clock on the felony. If that clock reaches 119 days and then the state changes elections, they've got one day, one misdemeanor done to try the felony. That's exactly right. It doesn't go back to zero again on the felony. That's exactly right because that clock was turned on and it ran all the way to 119 days before it was turned off. The clock may be stayed, but it's never reset. Exactly. That's exactly right. That would be my position. There's an argument that it could be reset because at the end of the first conviction is finalized, we would have 160 days to try that second case, regardless of which one it is. So, by changing our election, if we only go back to 120, that's the purpose of, it could be argued that's the purpose why we need to demonstrate good cause in changing the election. Another fact that the defendant has overlooked. But my position would be the clock starts again exactly where it was left off. And the misdemeanor clock in this case just wasn't turned on. Well, I think defendant's saying that it doesn't make any difference why the election is made. Once it's changed, it's changed. I mean, but there is authority that if it's a fraudulent change or something, that certainly should be taken into account. Sure, sure. If we can't demonstrate good cause for changing the election, the court shouldn't allow us to do it. In this case, we demonstrated good cause because defendant asked and we agreed to avoid any argument that because there was no trial date set in the felony, we let him get tried on the misdemeanor. It was his good cause that we just acquiesced to. And there's no question that defense attorney in this case doesn't need to file a document to, you know, because of her clients in custody. She simply has to put on the record we're in custody. We demand speedy trial. I think defense counsel is right. She doesn't have to demand she's in the defense in custody. He doesn't have to demand. But the speedy trial is only running on the charge we elect on. In this case, we elected on the felony. So I really don't have anything else to say unless your honors have any other questions. I do. I asked Mr. Young about delay by the defendant. And I asked whether or not it related to only in the one case or in both cases are we supposed to review or consider? So what is your response to whether or not we should be looking at any delay that's occasioned? Or is that a kind of a red herring and an irrelevancy? Because it seems like based upon what you've previously said, your position is, is this thing is staged. So it doesn't make any difference what the defendant does in the other case as long as the other case is proceeding in an appropriate path. You're exactly right. That is my position. That is my conclusion. I mean, if the court were to get a little creative, you could say superimpose the felony clock onto the misdemeanor, and then any delays attributable to the defendant on the felony would be interposed to the misdemeanor. It wouldn't make a difference here because all the delay was attributable to the defendant on the felony. But the much cleaner rule and what happened here is the clock just never started. Any other questions? Thank you. Thank you. Counsel for the people argue that we're trying to change election law. We're not trying to change election law. We're trying to enforce election law. The reason for the election and the reason for speedy trial are two different reasons. The reason for election is so that the state isn't burdened with preparing for two trials at the same time. The reason for speedy trial is so that the defendant is not in custody for an inordinate period of time. So what we're doing here is we're closing a loophole that's being advantaged by the state. We're not going to create a loophole for the defendant. We're closing one that the state is using as a sword. They're trying to mix the reasoning for the right to election to extend the period for a speedy trial. If the defendant was in custody for this case, was he not in custody for the felony as well because he couldn't be in two different places at once? Sure. He's in custody on both. Well, it seems then that your argument is logically followed to a reductio ad absurdum. If the election is made, then supposedly he's been in jail for X number of days, let's say 121. And since it's by operation of law, he should be released on a felony because all the things, the machinations, the excuses and whatever, which you claim your attorney in this case didn't do correctly were an irrelevancy and immateriality and an incapacity on the other defense counsel. And the defendant should be released on the felony because once there's an election, the automatic 120-day rule without any further objection and so on and so forth should apply to that as well. No. Why not? Because when the election is made on the first case, speedy trial isn't applying at all. The clock is running, but it's not running for purposes of a dismissal because that's not the case in which they did. The election is made to try this case is the second election. Is that what you call it? The second election? The second choice? I'm confused. The first choice was to try the felony first. Sure. The second choice is to try this one. Right. Okay. Then why doesn't the logic of your argument apply to the felony case as well? And if your argument is applied to the felony case, why doesn't the defendant get released on the felony charge? Because the election is now made on this case, and this is the one that will proceed within the original 120 days. The second case can be delayed to up to 160 days after conviction on the first. That's why, because that's the statute specifies that these are the times in which the defendant is to be in custody without trial. In case number one, no matter which one you're electing, no matter if you elect five times, six times, 119 times, that first one has to be tried within 120 days. Once you've gone to trial on the first one, then you get your time to prepare on the second one, and you get 160 after that. So the fact that a case is elected first is actually tried in 120 days, and if it isn't, then all hades breaks loose. No. All that has to occur, it doesn't matter how many elections there are. It doesn't matter which case is elected first. It matters which case is elected last. Whichever one the state wants to proceed on to trial first has to be within 120 days. Then they get the 160 for the second case. When the trial court said or acknowledged that the clock was told on November 29th, what does that mean? Because that's what the trial court said. What does it mean? In the eyes of the trial court, they are tolling the time. Based upon what the trial court, what she heard the parties represent to her. That I don't have any problems with that. They're trying to get that felony done. It's okay. And the state's saying, we're going to get a trial court, you know, I understand the problem, we're going to get it moving along. But it didn't move. So what does it mean when the trial court says it's tolled? Well, on November 29th, there really isn't tolling because the election still remains on the felony case. And that's still a choice within the state's control that the defendant has no control over. The defendant can't really enforce a speedy trial demand on November 29th. So tolling is really irrelevant on November 29th. If the state never changed their election, the defendant would have to wait to have that felony case tried. If they didn't want to have a delay in the felony matter, defense counsel in the felony matter could have prevented a delay and had that case tried sooner. Was defense counsel ineffective for not properly demanding on August 30th, 9-9 and 11-29? Or was it simply not asking for a dismissal when the state changed its election? The ineffective assistance is for not filing the motion. She's not required to make a demand. He's in custody. It's automatic. No, no, there's a delay. I mean, you know, 103-5A is what would involve someone who's in custody. They have to be brought to trial within 120 days. If there's a delay, okay, and if it's occasioned by the defendant, of course, the time doesn't run. Right. But delay is agreed to. It's agreed to under the statute unless the person demands, either in writing, as she did later, or orally. And there's a whole bunch of cases that talk about what it is to make an effective demand of a speedy trial as opposed to objecting and all that. So even though the person's in custody, I don't understand the concept that the time runs no matter what. But if the defendant's standing in court and then someone makes a motion for a continuance and the defendant just stands there mute, let's say there isn't a second case. There's just the one case. Right. And the defendant doesn't say anything. That time is told. I agree. Okay. I agree. So on 9-9, let's say, where the defense attorney, you know, doesn't object, doesn't, you know, says, okay, I'm not making a demand. Or 8-30, I think it was, the defense attorney said, I'm not making a demand. I mean, there still has to be a demand for that time to be running. Otherwise, that delay from 8-30 to 9-9 is attributable to the defendant under 103a, 5a. But in the record, on 8-30 and on 9-9, defense counsel says, I'm not making a demand because I, we're not the elected case. That's why she's not making the demand. The demand is free. Yes. So you don't have to preserve that under 103, 5a if it's not on the elected case is what you're saying. Well, it is preserved by the statute itself. That if the elected case is the one that goes to trial first, it has to be within 120 days of custody. In essence, what you're arguing is that she's making effectively a demand that goes thusly. I demand trial. I want it now. I don't want a continuance. Even though I understand there's a continuance based upon an election. Because that's what you effectively are claiming in order to get around not objecting to the delay. To say that she's not objecting because there's been an election does not constitute the magic words that the Supreme Court has said has to be made. You're putting, you're attaching to her statement about the election that the equivalency or you're actually adding on to it and saying, and by the way, I'm also demanding speedy trial right now. That's in essence what Justice Burke, I think, is suggesting to you that if you don't make that magic word or similar magic words, then it's occasioned by you. And your claim is, no, it's not occasioned by me because all she said was it's okay because it's an election. And essentially what you're asking us to do is to put words in her mouth and say that she has essentially said what the Supreme Court says you have to say. But what she didn't say, which was we demand speedy trial right now, regardless of what's going on over there. She could have said that just as well. Because under your opinion, it doesn't make any difference what she says. Other than I make a demand for speedy trial, because once the election is newly made a second time, you're your clients off the hook, regardless of why. It doesn't make any difference as far as you're concerned. Okay, well, we can use November 29th. If we're looking for the demand and the ready for trial and the demand that speedy trial run, I'm willing to accept it if you want to start the clock then. November 29th, she makes her trial demand. She says, I want speedy trial to run because this could go on forever. There's the magic language, I think, under FIPS. FIPS says it doesn't have to be a certain technical language, but you have to make some demand that seems like you're making a speedy trial demand. She certainly did that on November 29th. She made an oral demand that she wanted speedy trial to apply in this matter. And she said until a felony trial date is made. But she made the demand. So if we're looking for a demand for the clock to start, I'm fine with starting it on the 29th. I don't believe any time period even before that is delays attributable to her. I don't know that I'm suggesting to you that it's for purposes of determining the clock start. It's for purposes of determining whether there's delay attributable to your client. I agree with you that if they're in custody, you don't have to file a speedy trial demand. But just as Justice Burke said, you have to file objections to prevent the trial court or appellate courts from determining that the delay wasn't occasioned in part by your client. So when you say the 29th and it's now indicative of a demand, it sounded like you were saying it's now starting the clock as opposed to whether or not it's supposed to be attributable to you or not. Are you saying that from the 29th, the delay from the 29th forward is not attributable to you? There are no delays attributable to the defendant after the 29th. There's a difference between what you said and what I interpreted what you said. I apologize for that. What I meant was the clock is always running from custody. But an argument can be made that defense counsel in August and September. Acquiesced to a delay. That's not my reading of it, but you're interpreting it that way. She she asked to these delays. You couldn't argue that. Would you agree that we are required to interpret two statutes of paramateria? We're supposed to be determining whether or not speeding trial has been violated. And we're supposed to interpret the law relating to elections. Do you agree with that? I do. So we have to attempt to read those things so that they're read in paramateria. Yes. And you can't because they're there for two different purposes. The election is to give the state the appropriate time to prepare for each case. And you said you plan or we can't, which I missed it. Did you say we can do it? Okay. I'm sorry. Tell me how we can. Because I interrupted you. How can we interpret it in paramateria? How can you interpret them so that they can apply equally? Right. Because the election statute has nothing. They have two different purposes. So you can still give the state their ability to prepare each matter separately and give the defendant their ability to be tried within the statutory time period. That's how you can do it. Thank you. Thank you. We'll take the case under advisement. There's one more case.